[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO DISCHARGE OR REDUCE MECHANIC'S LIEN
The defendant, Tradewind Irrigation, LLC (Tradewind) has filed a mechanic's lien on the plaintiff's property in South Windsor for non-payment for installment of a lawn sprinkler system on the plaintiff's property pursuant to an oral agreement at a cost of $10,900.00.
It is the plaintiff's contention that the mechanic's lien should be discharged by the court because the transaction is governed by the Home Solicitation Sales Act, General Statutes § 42-134, et. seq. Although the plaintiff has devoted approximately thirteen pages of his thirty page brief demonstrating that the defendant did not comply with the act, the defendant never contested the fact that it did not comply with the act. The hearing and briefs filed by the defendant only claim that this transaction was exempt from compliance.
 LAW
The law applicable to the procedure required to discharge a mechanic's lien is set forth in General Statutes § 49-35b (a). The statute requires the lienor to first establish probable cause to sustain the validity of the lien. When probable cause is found, the party contesting its validity must thereupon prove by clear and convincing evidence that the lien should not be sustained or the amount reduced.
In this case, the court must examine the defendant's claim of exemption from the act pursuant to the pertinent portions of General Statutes § 42-134 (a) and § 42-134a (a)(3).
These sections define a home solicitation sale to occur when the solicitation of the sale was made at the buyer's initiative and the "buyers agreement or offer to purchase is made at a place other than the place of business of the sellers."
Section 42-134a (a)(3) and (4) specifically exempt a transaction "(3) conducted and consummated entirely by mail or telephone and without any other contact between the buyer and the seller or its representative prior to delivery of the goods or performance of the services; (4) in which the buyer has initiated the contact and specifically requested the seller to visit his home for the purpose of repairing or performing maintenance upon the buyer's personal property." CT Page 9797
 FACTS FOUND BY THE COURT
Although there is serious disagreement as to the applicable facts in this transaction, it is abundantly clear that the defendant performed all aspects of an oral agreement to install a new sprinkler system and that the sale and installation were made at the invitation of the plaintiff, Michael Cirelli. Cirelli's only complaint about the entire transaction was that the defendant failed to correct minor portions of the installation. He acknowledges that he made no payment, partial or otherwise, to the date of the evidential hearing.
Cirelli's testimony differed from the defendant's witnesses only on the "solicitation" aspects of the oral agreement, which the plaintiff contends violated the Home Solicitation Sales Act.
The plaintiff does not dispute that the initial contact between the parties was his telephone request to the defendant to do repairs at his home (TR 5/23/02, p. 50). This was changed in November 2000, when the defendant's owner, Jason Giangreco, was working on the system. The plaintiff at that time requested that a new system be installed by Tradewind.
During the next several months there were many communications between Cirelli and Mr. Giangreco concerning the proposed installation. All of those communications were either by telephone or fax. The agreement was completed following an evaluation of the plaintiff's property by the defendant and a design completion for the proposed installation. No conversations concerning the price and work to be done were conducted at the plaintiff's property prior to the oral agreement between the parties.
The court finds that any evidence presented to the contrary by the plaintiff is not credible.
 CONCLUSION
There are, at this writing no appellate cases dealing with exemptions from the Home Solicitation Sales Act applicable to the facts in this case.
The defendant, however, has cited trial court decisions bearing on the type of transaction which has occurred in this case and the legislative history preceding the statutory changes enacted by the legislature in 1976. CT Page 9798
Dovitski v. Gagnon, CV91-0448005, Judicial District of New Britain (then Hartford), Jan. 21, 1992, Allen, J., held that a transaction was exempt when it was initiated by the buyer after several telephone calls to the seller.
Similarly, Santa Fuel v. Varga, CV00-374050, Judicial District of Fairfield at Bridgeport, Feb. 13, 2002, Thim, J. held that a contractor responding to a call for maintenance at a home was exempt from the act despite his performing additional services beyond the repairs initially requested by the homeowner.
The legislative history preceding a revamping of the exemption sections of the statute clearly indicate that the legislature did not want a strict interpretation of the statute to apply to a seller who did not solicit the sale, but who was invited by the buyer. There was to be an exemption in such cases when negotiations continued at the buyer's property when the "seller goes to the home to take measurements and do other things preparatory to making . . . and undertaking his work. The deal is basically made at the place of business but because there may be further discussion in the home, businesses such as these . . . could be interpret[ed] as coming under this bill and this would be unfair for this type of firm." Remarks of Representative Webber, House Proceedings, Vol. 19, Part 6, p. 261.5 (1976). See also, Senate Proceedings, Vol. 19, Part 3, pp. 1239-40 (1976). This bill was then passed which is now §42-134a (a)
It is this court's conclusion that as it has previously found this was, indeed, a transaction initiated by the buyer, that the oral agreement was made by telephone and fax, that any visits made to the property by the defendant seller were made for the purpose of preparing for the work and no communications concerning the oral agreement were made other than by phone or fax.
For these reasons, the court finds that the transaction in question was exempt from the Home Solicitation Sales Act § 42-134, et. seq.
The motion to discharge the mechanic's lien is therefore denied.
Freed, J.